UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,
    Plaintiff,

                                     Case No: 2:16-cr-20684
v                                       Hon. David M. Lawson

CHARLES BUSSE,
    Defendant.

| Saima Mohsin | David Griem (P23187) |
|---|---|
| U.S. Attorney | David Griem & Associates |
| 211 W. Fort Street, Suite 2001 | Attorneys for Defendant |
| Detroit, MI 48226 | 21 Kercheval Ave, Suite 363 |
| (313) 226-9672 | Grosse Pointe Farms, MI 48236 |
| | (313) 962-8600 |

## **RENEWED MOTION AND MEMORANDUM FOR TERMINATION OF SUPERVISED RELEASE PURSUANT TO TITLE 18 U.S.C. § 3583(e)(1)**

NOW COMES Defendant, Charles Busse, by and through his attorney, David Griem, and respectfully requests this Honorable Court to terminate the remaining period of supervised release imposed in this matter, and as grounds in support thereof, states as follows:

1. On November 3, 2016, the defendant, Charles Busse was convicted, by way of plea, in the United States District Court for the Eastern District of Michigan, in the instant matter.

2. Pursuant to a written Rule 11 Plea Agreement, Charles Busse tendered a plea of guilty to the four instant charges.

3. As set forth in the Judgment in a Criminal Case filed by this Honorable Court on May 4, 2017, Charles Busse was sentenced to 37 months imprisonment on each count to be served concurrently. After his release, Mr. Busse was ordered to 3 years supervised release on each count to be served concurrently.

4. As of the date of this Motion, Charles Busse has served nearly two years of the three-year term of supervised release imposed by this Court, and has complied with all general and special conditions required of him, including filing complete tax returns for every year between 2009 and 2019.

5. Charles Busse had no previous criminal record prior to the instant case. He has learned a valuable lesson from this experience, and will never again put himself or his family in such jeopardy. He has clearly demonstrated that he is rehabilitated, and has complied with the Court's orders and the U. S. Probation Department's orders in every regard. (See Letters of Endorsement attached as Exhibit 1).

6. As this Honorable Court is aware, USC Title 18, §3583(e)(1) states:

> *"Modifications of conditions or revocation* – The Court may, after considering the factors set forth in §3583(a)(1), (a)(2)(B), (a)(2)(D), (a)(4), (a)(5), and (a)(6) ... terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

7. Further, as the Supreme Court has noted:

   "[§ 3583(e)(1)] is the unequivocal provision for ending the term of supervised release without the possibility of its re-imposition or continuation at a later time. Congress wrote that when a court finds that a defendant's conduct and the interest of justice warrant it, the court may 'terminate a term of supervised release and discharge the person released,' once at least a year of release time has been served." *Johnson v United States,* 529 US 694, 120 SCt 370, 146 LEd2d 727, 738 (2000).

8. When evaluating Charles Busse's offense conduct, criminal history and potential for future wrongdoing, the undersigned believes this Court can find that his further and continued supervision is not required because he meets the criteria for early termination, which include "law-abiding behavior, full compliance with the conditions of supervision, and a responsible, productive lifestyle." Publication 109, p.37 (1993), U.S. Administrative Office of Courts.

9. Charles Busse has demonstrated exemplary post-conviction adjustment and conduct in his supervision responsibilities. He has complied in all respects with the Court's express terms of supervision, including fully obeying the law – but for one parking ticket – and diligently fulfilling all of the Probation Department's requirements.

10. Charles Busse has lived as a productive citizen, maintaining steady employment while supporting himself and his family.

11. Charles Busse and his wife live with his in-laws at their home in Novi.

3

12. Charles Busse still provides emotional and some financial support to his two children.

13. During his last months at FCI Morgantown, Charles Busse had updated his resume and forwarded it to several companies that were hiring. He was fortunate in that, despite his criminal record, he was offered a job in sales at a staffing company and was able to begin working two weeks after returning to Detroit. Charles Busse, who lost his license as a practicing attorney, was extremely grateful for this job which paid him a modest $550/week. Charles Busse began working for this company in October 2018 and continued his employment until March 25, 2020.

14. The staffing company Mr. Busse worked for recruited entry level workers from US trade schools and relocated them to fill open jobs throughout the country. Charles Busse's job duties entailed calling on potential employers and encouraging them to enter into contracts with his employer to find and then hire prospective workers.

15. Like so many other individuals who were financially affected by the pandemic Charles Busse was laid off on March 25th. In December of 2020, Mr. Busse was rehired and continues to work there. In spite of his layoff, Mr. Busse *continued to make his stipulated restitution payments.*

16. Charles Busse's status as a convicted felon on supervised release has been a consistent impediment to employment. Unfortunately, the erroneous perception remains that a prospective employee being on federal probation or supervised release brings with it unwanted restrictions on the employer's ability to fully utilize that employee.

17. Despite this perception, Charles Busse recently was offered a better paying position as an administrator at a fiber optic cable company in Orlando, Florida (See job offer letter attached as Exhibit 2). Unfortunately, Mr. Busse has been advised by his Probation Officer that the Florida probation system may not approve a transfer of his file, thereby prohibiting him from taking the better paying position. (See email from Probation Officer Whitt-Luke attached as Exhibit 3).

18. According to United States Probation Officers Nioaka Morton and her successor, Mary Whitt, it is the undersigned's understanding that Charles Busse has served his term of supervised release with distinction.

19. The Probation Officers have indicated that Charles Busse, since the commencement of his sentence, has always been in full compliance with all of the conditions of supervised release .

20. Thus, Charles Busse is therefore eligible under the statute for early termination of his period of supervised release.

5

21. *This is a bird in the hand, in an almost empty forest.* The relief requested in this Motion is all the more imperative because Mr. Busse is 62 years old and an opportunity like this just might not come his way again.

22. Pursuant to LR 7.1(a)(2)(B) despite reasonable efforts, the movant was unable to obtain concurrence. The movant left several detailed voicemail messages with the U.S. Attorney's Office requesting to speak with the attorney handling this matter (explaining the substance of said Motion) and requesting concurrence in the relief requested, but as of the date of this writing has not yet received a return phone call.

WHEREFORE, Defendant, Charles Busse respectfully requests this Honorable Court to terminate the remaining period of supervised release so that he will not lose out on an employment opportunity that may never come his way again.

Respectfully submitted,

/s/ *David Griem*
DAVID GRIEM (P23187)
DAVID GRIEM & ASSOCIATES
Attorney for Defendant
21 Kercheval Ave, Suite 363
Grosse Pointe Farms, MI 48236
(313) 962-8600

Dated: March 24, 2021

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,
    Plaintiff,

                                       Case No: 2:16-cr-20684
v                                         Hon. David M. Lawson

CHARLES BUSSE,
    Defendant.

| | |
|---|---|
| Saima Mohsin<br>U.S. Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>(313) 226-9672 | David Griem (P23187)<br>David Griem & Associates<br>Attorneys for Defendant<br>21 Kercheval Ave, Suite 363<br>Grosse Pointe Farms, MI 48236<br>(313) 962-8600 |

## **CERTIFICATE OF SERVICE**

I, David Griem, hereby certify that on the 24th day of March 2021, I electronically filed ***Defendant's Renewed Motion and Memorandum for Termination of Supervised Release*** and this ***Certificate of Service*** with the Clerk of the Court, using the ECF system which will send notification of such filing to all attorneys of record in this case.

                                                         */s/ David Griem*
                                                         David Griem