UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                               Case Number 16-20684
                                                     Honorable David M. Lawson

v.

CHARLES T. BUSSE,

        Defendant.

_____/

## ORDER DENYING SECOND MOTION FOR EARLY TERMINATION
## OF SUPERVISED RELEASE

Defendant Charles T. Busse pleaded guilty to charges of conspiracy to defraud the United States, contrary to 18 U.S.C. § 371; bribery of a public official, 18 U.S.C. §§ 201(b)(1)(A), (B) and (C); tax evasion, 26 U.S.C. § 7201; and failure to report a currency transaction of more than $10,000, 18 U.S.C. § 5324(b)(1) and 31 U.S.C. § 5324(d)1(1). He was sentenced to concurrent terms of 37 months in prison on each count and three years of supervised release. He also was ordered to pay $575,753.50 in restitution, of which a balance of $483,398.02 presently remains unpaid. The defendant began his term of supervised release on March 19, 2019. In April 2020, he filed a motion to terminate supervision early. The Court denied the motion. He returns to court again with another motion to terminate supervision, which otherwise would expire in March next year.

Busse has been employed for most of his tenure on supervised release. He argues in his motion that he would like to be free from its strictures so he can accept a job offer in Florida. The government vigorously opposes the request because Busse has not demonstrated exceptional conduct while on supervision, and although his probation officer discouraged him from applying

for a job out of the state, he went forward with his application anyway. The government acknowledges that Busse has complied with the terms of supervision, but it is quick to point out that full compliance is not extraordinary; it is expected as a requirement of the law. The probation officer opposes early termination because of the substantial amount of restitution owing. And denial of this motion would not automatically deprive Busse of his employment opportunity. However, he would have to request that his supervision be transferred to Florida, which is not guaranteed.

After a defendant has served at least one year of a term of supervised release, the Court may order early termination "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making the determination, the Court must consider the factors generally prescribed for imposing a sentence initially under 18 U.S.C. § 3553(a). *Ibid.* Those factors include the nature and circumstances of the offense and history of the defendant, the need for the sentence to provide adequate deterrence, the need to protect the public from further crimes of the defendant, the need to provide the defendant with needed educational or vocational training or other services, the range of sentences provided by the applicable sentencing guideline calculations, policy statements issued by the United States Sentencing Commission, the need to avoid sentencing disparities, and considerations of restitution. *Ibid.*

The government devotes a significant part of its response to describing the nature of Busse's crime and the predation he visited on vulnerable people. Busse replies that the Court should not give weight to that factor because the Sentencing Guideline Manual does not require it. To support that statement, Busse cites U.S.S.G. § 5B1.3(b). But that section refers to sentences of probation. And it is well recognized that "supervised release 'is a more severe punishment than

parole and probation.'" *United States v. Pope*, No. 20-5866, 2021 WL 1383250, at *3 (6th Cir. Apr. 13, 2021) (quoting *United States v. Fletcher*, 978 F.3d 1009, 1019 (6th Cir. 2020)). It is true that supervised release serves a purpose to reintegrate a prisoner into society. That feature, however, does not make it any less a punishment.

Despite his lack of any prior criminal history, Judge Cohn determined that the appropriate sentence for Busse's offenses was a prison term at the top of the guideline range followed by the maximum term of supervised release. There is no reason apparent on this record to second guess that determination.

Like before, the Court commends the defendant's compliance with the terms of supervision and his adherence to the requirements of the law. However, the relevant factors favor continuation of supervised release at this time, particularly to monitor the defendant's financial situation to ensure that he continues to pay toward the substantial outstanding amount of restitution.

Accordingly, it is **ORDERED** that the defendant's second motion to terminate supervised release early (ECF No. 65) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 30, 2021